# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30238
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY JOSEPH MEAUX,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CR-179-1

Before WIENER, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Anthony Joseph Meaux appeals his conviction for possession of a firearm by a convicted felon. He challenges the denial of a motion to suppress, contending that the warrantless search of his girlfriend's car, where the gun was found in the trunk, violated the Fourth Amendment. The search was conducted by his parole officer, Brad Poole, pursuant to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

condition of Meaux's parole which allowed vehicle searches on reasonable suspicion that he was engaging or had engaged in criminal activity.

We review the district court's factual findings for clear error and its conclusions on the constitutionality of the search de novo. *United States v. Powell*, 732 F.3d 361, 369 (5th Cir. 2013). We view the evidence in the light most favorable to the prevailing party, here the Government. *See id.* We may affirm the ruling "on any basis established by the record." *Id.* (internal quotation marks and citation omitted).

Meaux's reasonable expectation of privacy in the car, which he drove by himself to a meeting with Poole, was significantly diminished by his knowing agreement to the parole condition imposed in accordance with state law. *See* LA. R.S. § 15:574.4.2(A)(2)(i) (2015); *Samson v. California*, 547 U.S. 843, 852 (2006); *United States v. Knights*, 534 U.S. 112, 114, 119-20 (2001). Given his diminished privacy interest, the likelihood that he would recidivate as a parolee, the State's overwhelming interest in ensuring that he was apprehended for any crimes committed while on parole, and its interest promoting his reintegration into society through reduced recidivism, the warrantless search of the vehicle was lawful if supported by reasonable suspicion that Meaux was engaging or had engaged in criminal activity. *See Samson*, 547 U.S. at 852-55, 857; *Knights*, 534 U.S. at 119-21.

We conclude that reasonable suspicion supported the search based on the following: Poole's possession of an active warrant for Meaux's arrest on a charge of unauthorized use of a vehicle; a tip Poole received from detectives with the Crowley Police Department that Meaux was the suspect in a recent armed robbery; Poole's knowledge of Meaux's history of armed robbery charges and simple robbery convictions; Poole's long relationship with Meaux and 15 years of experience as a parole officer; and Poole's observation that Meaux was

uncharacteristically nervous and unusually insistent that his girlfriend pick up her car immediately from the parole office when Poole arrested him on the warrant, which caused Poole to suspect that there was evidence of a crime in the car. *See Griffin v. Wisconsin*, 483 U.S. 868, 879 (1987); *United States v. Taylor*, 482 F.3d 315, 319 (5th Cir. 2007); *United States v. Keith*, 375 F.3d 346, 351 (5th Cir. 2004).

Contrary to Meaux's contentions, Poole's authority to conduct the parole search was not limited to the passenger compartment of the vehicle. The relevant condition of parole authorized a search of the "vehicle" on reasonable suspicion that Meaux was engaging or had engaged in criminal activity. The condition itself is a "salient circumstance" in determining the reasonableness of the search. *Knights*, 534 U.S. at 118-20; *see also Samson*, 547 U.S. at 852 (assessing reasonableness of the search according to terms of parole search condition).

Neither was Poole prohibited from relying on a secondhand tip from the Crowley detectives that Meaux was involved in a recent armed robbery. *See Griffin*, 483 U.S. at 879-80 (determining that it is reasonable for a probation officer to rely on "information provided by a police officer, whether or not on the basis of firsthand knowledge, to support a probationer search") (footnote omitted); *United States v. Williams*, 880 F.3d 713, 720 (5th Cir.), *cert. denied*, 138 S. Ct. 2590 (2018) (noting that tips from other law enforcement officers are sufficient to provide reasonable suspicion for a probation search). Poole's purpose for conducting the search was irrelevant. *See Knights*, 534 U.S. at 122; *United States v. Causey*, 834 F.2d 1179, 1184-85 (5th Cir. 1987) (en banc).

We conclude that the search of the car's trunk was a lawful parole search, so we need not consider the reasonableness of the search on any other ground

raised by the Government or implicated by the facts. *See Powell*, 732 F.3d at 369. The judgment of the district court is AFFIRMED.